IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS MACK LEWIS, | § | |
| TDCJ #646507, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-5126 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Curtis Mack Lewis (TDCJ #646507), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Lewis has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of two prison disciplinary convictions.  After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Court records reflect that, in 1992, Lewis was convicted and sentenced to life imprisonment for aggravated sexual assault in Harris County cause number 599582.  *See Lewis v. Johnson*, Civil No. H-97-1872 (S.D. Tex. Aug. 31, 2000).  Lewis, who had prior

felony convictions for burglary and injury to a child, also received a 50-year term of imprisonment for aggravated robbery in that case.

Lewis does not challenge any of his underlying convictions here. Instead, Lewis challenges the result of a prison disciplinary proceeding lodged against him at the Connally Unit, where he is presently confined.

Lewis explains that he was charged in disciplinary case #20110044323 with operating an "unauthorized business" in violation of prison rules. After a disciplinary hearing on October 19, 2010, Lewis was found guilty as charged. As punishment, the disciplinary hearing officer restricted Lewis's recreation and commissary privileges for 15 days. Lewis was also reduced in classification status from S-3 to S-4.

Lewis was also charged in disciplinary case #20110038013 with violating prison rules by filing a "fraudulent financing statement" in the Texas Secretary of State's office. Lewis was also convicted of these charges following a disciplinary hearing on October 19, 2010. As a result, Lewis's recreation and commissary privileges were curtailed for 30 days and he was reduced in class status from S-4 to L-1.

Lewis reports that, after the disciplinary convictions were entered against him, he appeared before the Unit Classification Committee for a hearing on October 20, 2010. At that hearing, Lewis was reduced in custodial status from minimum security to medium security, which is more restrictive. Lewis claims that he was immediately placed in administrative segregation after the hearing.

Lewis contends that, on October 24, 2010, he filed a step 1 grievance to appeal both of the disciplinary cases. The grievance was returned on October 27, 2010, for failure to comply with prison procedural rules. Lewis re-submitted his grievance on October 28, 2010. Lewis complains that prison officials have not yet responded to his step-1 grievance and that the time to do so has expired. Lewis insists, therefore, that he is entitled to relief from both of the disciplinary convictions because he has been denied his right to due process. For reasons set forth below, however, the Court finds that Lewis fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.   PRISON DISCIPLINARY PROCEEDINGS

Lewis seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in the loss of privileges and a reduction in status. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary

3

action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Lewis does not identify any particular right found in the Due Process Clause. To the extent that the disciplinary conviction may affect his eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, Lewis's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[1] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769

---

[1] There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* Tex. Gov't Code § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

(5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996.  It follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing (1) that he is eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue resulted in a loss of credit for good conduct (*i.e.*, good-time credit).  *See Malchi*, 211 F.3d at 957-58  (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).  Lewis does not meet this criteria.

According to the petition, Lewis did not lose any good-time credits as a result of the prison disciplinary convictions listed in the petition.  Even if he did, as a life-sentenced inmate, Lewis is not eligible for early release on mandatory supervision.  *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding that a Texas inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release). This is fatal to his due process claims.  *See Malchi*, 211 F.3d at 957-58.

Although the disciplinary convictions at issue resulted in a loss of privileges and a reduction in classification status, these sanctions are insufficient to warrant protection under the Due Process Clause.  As the Fifth Circuit has recognized, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship

5

beyond the ordinary incidents of prison life.  *See id*.  The Fifth Circuit has also decided that reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Because the sanctions at issue do not implicate a protected liberty interest, Lewis cannot demonstrate a violation of the Due Process Clause.

In summary, Lewis does not indicate that he was convicted of a prison disciplinary offense or punished in violation of the Due Process Clause.  Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995);  *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  Thus, the pending federal habeas petition must be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.    The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2.    A certificate of appealability is **DENIED**.

7

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>December 23</u>, 2010.

Nancy F. Atlas
United States District Judge